IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | IN CHAPTER 11 |
| | ) | |
| JACK BATAOEL and | ) | No.  11 B  29784 |
| JO ANN BATAOEL | ) | |
| Debtors. | ) | Judge A. Benjamin Goldgar |

APPLICATION FOR FIRST AND FINAL COMPENSATION
FOR COUNSEL FOR DEBTORS

Now comes Erica Crohn Minchella, counsel for the Debtors in this proceeding, as and for her first and final request for compensation in these proceedings states as follows:

SUMMARY

Counsel for the Debtors represented the Debtors in the defense of a foreclosure proceeding in Cook County, Illinois.  Upon the appointment of a Receiver in that proceeding, this proceeding was filed on July 20, 2011.  One challenge for proceeding in the case was that the presiding Judge was on a leave of absence and the case got shuttled from one emergency Judge to another, without any one Judge being able to have a consistent and historic view of the case.  The first three months of the case were therefore unproductive.  Upon the return to the bench of the presiding Judge, issues were resolved and the case proceeded quickly and effectively.

The issues that needed to be resolved that languished during the first three months were whether the Receiver should remain in place, whether there should be and the amount of payment as cash collateral and even retention of counsel for the Debtors.

The Court ruled that the Receiver should not remain, the Debtors should be cash

collateral and counsel for the Debtors was retained.

Through extended negotiations with the main creditor, Wells Fargo, a plan was finally crafted – language being honed based on those negotiations, and three Disclosure Statements and Four Plans were drafted and eventually the language satisfied the main creditor, the Trustee and the Court and the Disclosure Statement was approved and the Plan was confirmed on July 25, 2012.

### Description of the Applicant's Principal Activities

1. Counsel for the Debtors engaged in three separate types of activities in the management of this proceeding:

   a. General representation – preparation and amendment of schedules, attendance at Trustee's informational session, attendance at 341 hearing, review and preparation of Operating Reports. (23.0 hours, $5,537.50)

   b. Representation with regards to issues with Wells Fargo – Defense against motion to leave Receiver in place, motion for use of cash collateral   Counsel was successful in keeping Receiver from being left in place and obtained a cash collateral Order which Debtors were responsible for throughout life of case. (24.30 hours, $4,850.00)

   c. Plan and Disclosure Statement – Drafting and revising Plan and Disclosure Statement, obtaining approval and confirmation. There were some challenges in obtaining the exact language that satisfied Wells Fargo and the Plan and Disclosure Statement were amended three times in order to reach accord.   (35.90 hours, $7,544.50).

2. In addition to the time and costs for general representation, issues with Wells Fargo and drafting and obtaining confirmation, Counsel is seeking 4 hours of compensation ($1,000) for preparation and presentation of this Application, travel time ($250) and expenses – printing motion, postage and parking ($102).

3. This is the first and only application for compensation presented by Counsel for the Debtors.

4. For the most part, Erica Crohn Minchella performed all of the work related to this proceeding. Since the drafting was done on her computer, it was easiest to convert it to a pdf and file it in the ECF system. She had an Associate, Jody Rosenbaum work on drafting a motion for use of cash collateral and used paralegal staff for the preparation and mailing of the Plan and Disclosure Statement and Ballots.

    Jody Rosenbaum is billed at $200/hr and worked 2 hours on this file for a fee of $400.

    Paralegal Staff is billed at $75.00/hr and worked 3.3 hours on this file for a fee of $247.50

    Erica Crohn Minchella is billed at $250/hr for work and $125/hr for travel time

    Work time totaled 60.7 hours at $250/hr $15,175.00

    Travel time totaled 17.2/hrs at $125/hr $2,150.00

    Minchella's substantially lower billing rate is based on the fact that she started representing these Debtors in a foreclosure proceeding at $250/hour and agreed to continue at that rate. Her normal billing rate for bankruptcy

proceedings is $350/hr and she has in excess of 18 years in bankruptcy practice.

5. Counsel is seeking $921 in expenses, broken down as follows:

   a. Parking in downtown Chicago (billed to client as a direct expense) $280.00

   b. Copies at .25/page $535.00

   c. Postage (billed as a direct expense) $51.00

   d. Research (billed to Applicant monthly, billed to client on an hourly basis) $25.

   e. Filing fee for Amendment (billed as a direct expense) $30.

6 . Counsel is seeking to have her fees and costs allowed and paid from the continuing, post confirmation cash flow of the Debtor.  Counsel received and applied a $10,000 retainer (and filing fee of $1,046) and seeking payment on the balance only in the amount of $9222.50 for fees and $1023 for costs (which includes the time and costs for brining this motion).

7. Counsel's time and expenses are detailed in the attached Exhibits A and B which show all time and expense records (other than those sought for bringing this motion) and broken down by task and expenses.

   WHEREFORE, Erica Crohn Minchella, counsel for the Debtors prays for the entry of an Order as follows:

A. Allowing and authorizing payment of $17,972.50 for work done in connection with the filing, general management, addressing issues with Wells Fargo obtaining of approval of the Disclosure Statement and Confirmation of the

Plan, application of the $10,000 retainer receive pre-petition, leaving a balance of $7,972.50.00;

B. Allowing and authorizing payment to Erica Crohn Minchella of $921 in costs incurred in the representation of Debtors during these proceedings.

C. Allowing fees in the amount to Erica Crohn Minchella of $1,250 for drafting and bringing this motion and costs in the amount of $102.00

D. For such further relief as the Court deems fair and equitable.

                                          Respectfully submitted,
                                          MINCHELLA & ASSOCIATES, LTD.


                                          /s/__Erica Crohn Minchella_____

Erica Crohn Minchella
Attorney No. 610618
Whitney Barry
MINCHELLA & ASSOCIATES, LTD.
7538 St Louis Ave.
Skokie, IL 60076
847 677 6772

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | IN CHAPTER 11 |
| | ) | |
| JACK BATAOEL and | ) | No. 11 B 29784 |
| JO ANN BATAOEL | ) | |
| Debtors. | ) | Judge A. Benjamin Goldgar |

NOTICE OF MOTION

To:  See Attached Service List

PLEASE TAKE NOTICE that on the 24th day of September, 2012, at the hour of 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable **A. BENJAMIN GOLDGAR**, Bankruptcy Judge, in Courtroom No. 613, or before such other Judge as may be sitting in his place and stead, U. S. District Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Application for fees**, at which time and place you may appear, if you so see fit.

/s/ ERICA CROHN MINCHELLAL
ERICA CROHN MINCHELLA
7538 St. Louis Ave
Skokie, IL 60076
847.677.6772

STATE OF ILLINOIS )
                 ) SS
COUNTY OF COOK )

    ERICA CROHN MINCHELLA, duly sworn on oath, deposes and states that she served a copy of the foregoing Notice together with a copy of the Application attached thereto directed to the persons shown above, via the electronic filing system established by the United States Bankruptcy Court, this 5th day of September, 2012.

/s/ ERICA CROHN MINCHELLA